*285 WELCH, Judge,
concurring in the result.
I agree with the Court’s decision to affirm the circuit court’s revocation of David Christopher Maye’s probation and to impose the balance of his eight-year sentence. However, I disagree with the Court’s analysis. Therefore, I respectfully concur in only the result.
Section 15 — 22—54(d)(l)f and -54(2)(a), Ala.Code 1975, provide:
“f. If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility, which may include participation in the restart program, LIFE-Tech program, or a technical violator program or, if no space is available in a Department of Corrections facility, not more than 90 days in the county jail.
“(2)a. An eligible offender subject to paragraph f. of subdivision (1) is a nonviolent felon serving a probationary sentence who has violated a condition or conditions of probation other than by the commission of a new offense and who has performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period.”
The record reveals that on October 7, 2009, the circuit court issued an order entitled: “Probation Violation Notice and Commitment to Baldwin County Jail.” In that order the circuit court found that “[Maye] owes $2,715.35 failure to pay” among other violations. (C. 4.)
On June 2, 2010, the circuit court issued another order entitled: “Probation Violation Notice and Commitment to Baldwin County Jail.” In that order, the circuit court found that “[Maye] owes $2,777.35, has pd. 200.00, failure to pay” among other violations. (C. 6.)
In a probation-revocation hearing held on June 30, 2010, Maye admitted that he had violated the terms and conditions of his probation, including the failure to pay court-ordered monies.
After that admission, the circuit court stated:
“All right. Mr. Maye, I’m going to order that you serve your eight-year sentence in the penitentiary. You are not considered a technical violator. And no measure short of confinement will avoid depreciating the seriousness of the violation.”
(R. 7.);(emphasis supplied.)
The record, as reflected in the above quotes, affirmatively shows that the circuit court correctly determined that Maye was not an “eligible offender” as described in § 15 — 22—54(d)(l)f and -54(d)(2), Ala.Code 1975, because at the time of the hearing Maye had not “performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period.”
Therefore, the record supports the circuit court’s ruling. For that reason, I would affirm.